# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00720-GCM

| | |
|---|---|
| JUDITH CLARK, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CELLCO PARTNERSHIP, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Compel Arbitration and Stay Litigation (Doc. No. 6), Plaintiff's Memorandum in Opposition to the Motion to Compel Arbitration and Stay Litigation (Doc. No. 12), and Defendant's Reply to the Response to the Motion to Compel Arbitration and Stay Litigation (Doc. No. 13).

Plaintiff previously filed a complaint over the same facts in July 2015. (Doc. No. 12 at 2). In August of that year the Court entered an order staying the proceedings so that the parties could address their dispute through arbitration. (Doc. No. 12 at 2).

On September 1, 2016 this Court entered an order in the case filed July 2015 that lifted the stay and required the parties to file a proposed discovery plan. (Doc. No. 12 at 2). Thereafter, the parties stipulated to dismissal of that action without prejudice so that the matter could proceed in arbitration. (Doc. No. 7 at 2).

On October 17, 2016, Plaintiff filed the current action. (Doc. No. 1). On December 19, 2016 Defendant filed a motion to compel arbitration. (Doc. No. 6).

1

Plaintiff contends that the above timeline is sufficient to demonstrate that Defendant waived its right to demand arbitration.

However, it is clear from the case law that the Defense did not waive their right to compel arbitration from the above facts. The Customer Agreement between Verizon and Plaintiff requires arbitration in all disputes, its validity is not challenged by the Plaintiff, and arbitration agreements are regularly enforced. (*See* Doc. No. 6). The Fourth Circuit has said that since there is a strong federal policy favoring arbitration; statutory default of that right is not lightly inferred. *MicroStrategy, Inc. v. Lauriscia*, 268 F.3d 244, 249 (4th Cir. 2001).

For a party to default on the right to insist on the arbitration, the party must substantially utilize the litigation machinery and the party objecting to arbitration must have suffered actual prejudice. *Id.* The Defense has not substantially utilized litigation machinery here. In the first case, the Defendant notified the Plaintiff soon after the complaint was filed of its obligation to arbitrate the matter and the case was stayed less than a month after the complaint was filed. (Doc. No. 13 at 2). In the present case, the first motion made by the Defense was a motion to compel arbitration. (Doc. No. 6). It is hard to see how the Defense used litigation machinery at all here, much less substantially so.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Compel Arbitration and Stay Litigation is hereby **GRANTED**. Plaintiff must submit her claim for arbitration within 30 days of this order and notify the Court when she has done so. This action is stayed pending arbitration.

Signed: April 6, 2017

Graham C. Mullen
United States District Judge